■ ERDHEIM, SHALLECK & FALK, Respondent, v EJDER KARABAG, Appellant.—Judgment, Supreme Court, New York County, entered December 29, 1977, in plaintiff's favor for $9,650 plus interest and costs unanimously modified, on the law and the facts, to reduce the principal amount thereof to $4,750 plus interest and costs and otherwise affirmed, without costs or disbursements. Considering the nature of the services and their necessity, the standing of counsel, the time expended by him and his staff, the difficulties or lack thereof encountered in the matrimonial litigation and all other relevant circumstances adduced at the hearing, we find that $6,900 is the appropriate value for plaintiff's legal services. Plaintiff is also entitled to $100 in disbursements but must credit defendant with the $2,250 that plaintiff previously received. Concur—Kupferman, J. P., Birns, Silverman, Fein and Lane, JJ.

■ JOHN A. CAHILL, Appellant, v RUTH P. CAHILL, Respondent.—Order, Supreme Court, Kings County, entered July 31, 1978, denying plaintiff's motion to reargue and renew defendant's motion to change venue and vacate the note of issue and statement of readiness, unanimously reversed, on the law and the facts, on stipulation, without costs or disbursements, plaintiff's motion for renewal is granted and the order, Supreme Court, Kings County, entered May 17, 1978, is modified so as to transfer the action, as well as the motion to strike the note of issue and statement of readiness, to Supreme Court, New York County, to a Justice mutually selected by the parties and by the Administrative Justice. Appeal from order Supreme Court, Kings County, entered May 17, 1978, granting defendant's motion to change venue and referring to the transferee court her motion to vacate the note of issue and statement of readiness, unanimously dismissed as academic, without costs or disbursements. These appeals reach this court as the result of a transfer, *sua sponte,* by the Appellate Division, Second Department. Upon the oral argument before us, the parties, represented by counsel, stipulated in open court to the disposition we are now making on the appeal of the order entered July 31, 1978. In view of that result, the appeal from the earlier order is rendered academic. (See 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.24.) Concur—Kupferman, J. P., Evans, Markewich, Lynch and Sandler, JJ.